IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   08-cr-30158 JPG |
| | ) |
| MICHAEL L. BEAVER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Michael L. Beaver's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 41).   The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis.   Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Docs. 44 & 46).   See *Anders v. California*, 386 U.S. 738, 744 (1967).   Neither the defendant nor the government has responded to the motions, although they were given an opportunity to do so.

On January 21, 2010, Beaver pled guilty to two counts of distributing crack cocaine (Doc. 20).   His relevant conduct included powder cocaine as well as crack cocaine.   Using the 2009 Sentencing Guidelines Manual, determining Beaver's base offense level required converting all drugs to their marijuana equivalents ("MEU").   U.S.S.G. § 2D1.1 cmt. n.10 (2009).   His relevant conduct was 7,888 kilograms of MEU, resulting in a base offense level of 34.   His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility.   The Court further found that Beaver was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 37, again reduced by 3 to 34 for

acceptance of responsibility.  Considering Beaver's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262-327 months in prison.  The Court imposed a sentence of 262 months for each count (Docs. 28 & 31).

Beaver now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

2

Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, the defendant was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's amended motion to withdraw (Doc. 46), ORDERS that counsel is WITHDRAWN from this case and **DISMISSES** Beaver's *pro se* motion for a sentence reduction (Doc. 41) for **lack of jurisdiction**.  Counsel's original motion to withdraw (Doc. 44) is **MOOT.**

**IT IS SO ORDERED.**
**DATED:   April 14, 2014**

                                                  s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **U.S. DISTRICT JUDGE**